United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 9, 2006**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-30019

_____

CHIARRA CARRIERE BACQUE, INDIVIDUALLY AND ON BEHALF OF
KARTER BACQUE, ON BEHALF OF KASE BACQUE,
ON BEHALF OF LINSEY BACQUE,

Plaintiff-Appellee,

versus

CHAD LEGER, ETC; ET AL.,

Defendants;

CHAD LEGER, IN HIS OFFICIAL CAPACITY AS
CHIEF OF POLICE; CITY OF SCOTT, ON BEHALF OF
POLICE DEPARTMENT CITY OF SCOTT;
BYRON ROMERO, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY;
DAVID SONNIER, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY,

Defendant-Appellants.

_____

Appeal from the United States District Court
Western District of Louisiana
No. 6:04-CV-1427

_____

Before JONES, Chief Judge, and SMITH and STEWART, Circuit Judges.

EDITH H. JONES, Chief Judge:[*]

This court has carefully considered the appeal of
Officers Sonnier and Romero, which asserts that the district court
erred in denying qualified immunity from § 1983 liability for the
events that led to the death of suspect Ken Bacque.

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

This court has interlocutory jurisdiction over issues of law related to qualified immunity.  Atteberry v. Nocona Gen. Hosp., 430 F.3d 245, 251 (5th Cir. 2005) (citing Behrens v. Pelletier, 516 U.S. 299, 311, 116 S. Ct. 834, 841 (1996)).  If the appeal turns, however, on disputed material issues of fact, we lack jurisdiction.  Johnson v. Johnson, 385 F.3d 503, 523 (5th Cir. 2004).  In this case, the issues subject to appeal are, first, the materiality of fact disputes, and second, the objective reasonableness of the officers' conduct.  Because the officers properly supported their motion for summary judgment on qualified immunity, the Plaintiffs bore the burden of negating the defense.  Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force, 379 F.3d 293, 300 (5th Cir. 2004).  Consequently, Plaintiffs were required to demonstrate genuine issues of material fact that, if believed, established that the officers used deadly force clearly excessive to the need to restrain Ken Bacque.  See Tennessee v. Garner, 471 U.S. 1, 105 S. Ct. 1694, (1985) (use of deadly force not excessive if officer reasonably believed the suspect posed a threat to others).  To rebut the officers' claim of qualified immunity, Plaintiffs were further required to demonstrate that the illegality of the officers' conduct was plain, such that it was objectively unreasonable, under the facts and circumstances confronting them, for the officers to have used deadly force.  Ikerd v. Blair, 101 F.3d 430, 433 (5th Cir. 1996) (citing Graham v. Connor, 490 U.S. 386, 395, 109 S. Ct. 1865, 1871 (1989)).

Having reviewed the parties' contentions in light of these standards, we conclude that Plaintiffs have not overcome Officer Sonnier's assertion of qualified immunity. No material facts are in dispute. The only relevant fact to this inquiry is that Officer Sonnier "froze" during the confrontation with Ken Bacque. There are neither allegations nor evidence that Sonnier exerted any force, much less excessive force, against Ken Bacque. Plaintiffs have cited no authorities, and we are aware of none, where an officer's inaction during a police-suspect confrontation resulted in his liability for use of excessive force. The district court erred in denying immunity to Officer Sonnier.

As for Officer Romero, however, it appears that the facts surrounding his shooting of Ken Bacque are highly controverted. There is evidence, if believed, that Officer Romero shot Ken Bacque while he stood motionless with his knife at his side and had ceased to menace anyone; that Officer Romero stood at least ten to forty feet away from Ken Bacque; that Ken Bacque was not threatening anyone at this time; that no officer warned Ken Bacque to drop his knife; and that Ken Bacque no longer posed a physical threat to Officer Romero, or to anyone else at the time he was shot. Because material facts surrounding the shooting are in dispute, we lack jurisdiction over Romero's appeal and cannot conclude as a matter of law that he did not violate Bacque's Fourth Amendment rights or that he is entitled to qualified immunity.

3

Each qualified immunity case must be analyzed according to its peculiar facts.  Consequently, the cases cited on behalf of Officer Romero are of little assistance here, principally because the suspects in those cases were charging toward or fighting with the officers and the suspects possessed or were thought to possess guns.

For the foregoing reasons, the judgment denying qualified immunity to Officer Sonnier is REVERSED; the appeal of Officer Romero is DISMISSED.  This matter is REMANDED for further proceedings as appropriate.

**REVERSED** in part, **DISMISSED** in part, and **REMANDED.**